CHRISTOPHER E. PLATTEN - 111971
CAROL L. KOENIG - 162037
WYLIE, McBRIDE, PLATTEN & RENNER
2125 Canoas Garden Avenue, Suite 120
San Jose, California 95125
Telephone: (408) 979-2920
Facsimile: (408) 979-2934

Attorneys for Plaintiffs DARREN WALLACE,
KEITH HART, MARK LEEDS
and other employees similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN WALLACE, KEITH HART, MARK LEEDS and other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant.<br>_____/ | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION, LIQUIDATED DAMAGES AND OTHER RELIEF UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 203, 206, 207); COMPLAINT FOR DAMAGES FOR VIOLATION OF THE MINIMUM WAGE LAWS UNDER THE FAIR LABOR STANDARDS ACT AND THE CALIFORNIA LABOR CODE (Cal. Labor Code §1197)** |

## NATURE OF COMPLAINT

1. Plaintiffs are, or at all times material were, employees of the Defendant CITY OF SAN JOSE ("City"), California, and they bring this action on behalf of themselves and those similarly situated. This is (1) an action for declaratory judgment under 28 U.S.C. sections 2201 and 2202 and for compensation and other further relief under the Fair Labor Standards Act, as amended, 29 U.S.C. sections 201, *et seq.;* and (2) a complaint for damages, attorneys' fees and costs, and for failure to pay minimum wages as required by the Fair Labor Standards Act and California Labor Code section 1197.

///

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred on this court by 28 U.S.C. section 1331 because the action arises under the FLSA, a federal law, and because such suit is authorized by 29 U.S.C. section 216(b). Jurisdiction of the California minimum wage violations is conferred on this court by 28 U.S.C. section 1367. Venue lies within this district pursuant to 28 U.S.C. section 1391 and Local Rule 3-2(d) because the events giving rise to the action took place in Santa Clara County.

**INTRADISTRICT ASSIGNMENT**

3. The basis for assignment to the San Jose Division, pursuant to Civil Local Rule 3-2(d), is that this action arises in the County of Santa Clara.

**PARTIES**

4. Plaintiffs are, or at all times material were, firefighter employees of the City of San Jose and were engaged in fire protection for the City. Each of the plaintiffs (hereinafter referred to as Firefighters) has given their written consent to be a party in this action pursuant to 29 U.S.C. section 216 (b).

5. Defendant City is a political subdivision of the State of California, a public agency within the meaning of 29 U.S.C. section 203(d).

**CLAIMS FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT**

**(29 U.S.C. § 206(a))**

6. At all times material, the Firefighters have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. sections 201, *et seq.*

7. Under the FLSA and the Department of Labor's regulations applicable to firefighter employees, the employer may establish and declare a work period of not less than seven days nor more than 28 days. (29 U.S.C. section 207; 29 C.F.R. section 553.201.) The City has established and declared a work period of 14 days for administrative employees and 28 days for employees who perform suppression work (shift employees).

8.      The Fair Labor Standards Act requires that the City pay administrative employees assigned to a 14-day work period overtime compensation for all hours worked in excess of 106 hours per 14-day work period. (29 C.F.R. § 553.230) The City must pay shift employees assigned to a 28-day work period overtime compensation for all hours worked in excess of 212 hours per 28-day work period. (29 C.F.R. § 553.230)  This overtime compensation must be paid at a rate of one and one-half times the employee's regular rate of pay. The "regular rate" of pay (hereinafter "FLSA rate"), must include holiday "in lieu of pay" and certain incentive pays (e.g., Emergency Medical Technician, bilingual, education pay, hazardous materials, etc. pay).

9.      At all times material, the Firefighters have worked hours in excess of the 106 and 212 hour limits specified in the FLSA (29 U.S.C. section 207) as the maximum number of hours for which an employer is permitted to pay non-overtime hourly rates of pay. As a result, the Firefighters have been entitled to overtime compensation at a rate not less than one and one-half times the FLSA rate of pay for the hours of overtime worked over the FLSA limits (hereinafter referred to as the "FLSA thresholds").

10.     Pursuant to a labor agreement between the City and the Firefighters, the City must pay overtime premiums to Firefighters for all work performed outside their regularly scheduled hours, regardless of the number of hours worked in a 14-day or 28-day period. This overtime premium (hereinafter referred to as "contractual overtime") is paid at one and one half-times the individual firefighter's base rate of pay (which is lower that the FLSA rate that includes the above-mentioned incentive pays).

11.     Pursuant to Section 207(h) of the Fair Labor Standards Act, the City is allowed to take credit (against its FLSA overtime liability) for the additional half-time it pays the Firefighters for contractual overtime work (i.e., for work that falls below the FLSA threshold of 106 hours in the City's 14-day FLSA period for administrative employees or in excess of 212 hours in the City's 28-day FLSA work period for shift employees). However, rather than take a credit (or "offset") for only the additional half-time pay for these

contractual overtime hours, the City is taking a credit for the entire contractual overtime pay (i.e., for all one and one–half times the base hourly rate).

12. The City's practice of taking credit for the entire amount paid for the contractual overtime results in an impermissible underpayment of overtime pay for the Firefighters on certain occasions when the Firefighters work both contractual overtime and FLSA overtime in the same FLSA work period.

## CLAIM FOR MINIMUM WAGE VIOLATIONS AND FOR UNPAID WAGES
## (29 U.S.C. § 203(e), § 206(a); Cal. Labor Code § 1197)

13. Section 206(a) of the Fair Labor Standards Act and Section 1197 of the California Labor Code both require that an employer pay its employees at least the minimum wage for all hours worked. The FLSA also requires that an employer pay each covered employee at least the employee's FLSA rate of pay for every hour worked. *Armour & Co. v. Wantock,* 223 U.S. 126 (1944). The City's practice of taking a credit (against its FLSA obligation) for the full one and one-half times the base hourly rate of pay violates these fundamental requirements because the practice, in effect, can, and has, resulted in individual firefighters receiving only a few pennies per hour for some of their contractual over time hours. For example, in one work period, named Plaintiff Keith Hart worked 20 contractual overtime hours and 77 FLSA overtime hours (for a total of 97 hours of overtime). The City took a credit for the entire pay for the 20 hours of contractual overtime against the amount owed for the 77 FLSA hours. That is, the City deducted the total amount it paid at the base rate of pay for the 20 hours of contractual overtime from what it owed for the 77 hours of FLSA overtime at the higher FLSA rate of pay. The net result was that Hart was paid only $1.50 more for the 97 hours than he would have received had he worked only the 77 hours over the threshold. In effect, Hart was required to work the 20 hours of contractual overtime at a rate of only seven and one-half cents per hour.

14. The City's actions in paying effectively nothing to the Firefighters for some of the hours worked has resulted in the Firefighters being treated by the City as volunteers. As a result, the City has violated Section 203 of the FLSA by requiring and/or allowing the

Firefighters to "volunteer" to perform the same services for which they were employed by the City to perform.

## CLAIM FOR LIQUIDATED DAMAGES – WILLFULNESS AND BAD FAITH
## (29 U.S.C. § 216(b)

15. The City's violations of the FLSA as alleged herein have been done in a willful and bad faith manner in that the City received notice through three previous court actions of the correct calculations that it must use in computing FLSA overtime pay for the Firefighters. (*Sekany v. City of San Jose*, Case No. 98-21081 JW; *Diaz v. City of San Jose,* Case No. 07-06424 JW; and *Welch v. City of San Jose*, Case No. 08-02132 JW).

16. The City's actions in taking full credit for the entire amount paid for contractual overtime also violates a settlement agreement that the City entered into with the Firefighters in 2010. *Diaz v. City of San Jose,* Case No. 07-06424 JW; and *Welch v. City of San Jose*, Case No. 08-02132 JW. In the *Diaz* and *Welch* suits, the Firefighters filed claims against the City for the City's failure to include required incentive pays in its calculation of the FLSA regular rate of pay. The City and the Firefighters ultimately entered into a settlement agreement, including an agreement on the correct formula to use in calculating the FLSA rate and FLSA overtime pay for the Firefighters.

17. As part of the *Welch* and *Diaz* settlements, the City paid back wages to the Firefighters using the agreed upon formula. Notably, in computing the back-pay awards, the City took credit for only the additional half-time payments made for contractual overtime, not for the full time and one-half as it is doing now. Moreover, as part of the *Welch* and *Diaz* settlements, the City agreed to use the agreed upon formula for calculating future FLSA pay for the Firefighters – a formula that included a credit for only the additional half-time pay. The City then changed the formula without the Firefighters knowledge or consent.

18. The City acted in bad faith by never notifying the Firefighters that it was substituting the agreed to formula with its new formula that substantially reduces the amount of contractual and/or FLSA overtime that the City pays.

19. In addition, the City was notified by the Firefighters in 2013 that it was incorrectly calculating (and therefore underpaying) FLSA overtime. The City agreed that the formula was incorrect, corrected the pay of the one individual and promised that the formula would be fixed.

20. The Firefighters discovered in late November 2015 that the City had not corrected the formula and that the Firefighters were still being underpaid on some occasions when they worked both contractual overtime and FLSA overtime in the same FLSA work period. The Firefighters attempted on numerous occasions over the past eight months to explain to the City why its calculations were incorrect, but the City insisted it was permitted to take full credit against its FLSA obligations for all contractual overtime it had paid for the same FLSA work period, despite being provided with copies of federal regulations that clearly state that the employer is entitled to only the "extra" amount paid for contractual overtime (i.e., the amount over and above the regular base pay for each hour worked).

21. As a result of these willful violations of the FLSA, overtime compensation has been unlawfully withheld by the City from Firefighters for which the City is liable pursuant to 29 U.S.C. section 216(b), together with an additional equal amount as liquidated damages, interest, reasonable attorney fees and the costs of this action.

22. The employment and work records for each Plaintiff are in the exclusive possession, custody and control of the City, and the Firefighters are unable to state at this time the exact amount owing to each of them. The City is under a duty imposed by 29 U.S.C. section 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records with respect to Firefighters from which the amounts of the City's liability can be ascertained.

## PRAYER FOR RELIEF

WHEREFORE, the Firefighters, on their own behalf and on behalf of others similarly situated, pray that this Court:

///

1. Enter a declaratory judgment declaring that the City has willfully and wrongfully violated its statutory and legal obligations, and deprived Firefighters of their rights, protections and entitlements under federal and state law, as alleged herein;

2. Order a complete, accurate and independent accounting of all compensation to which Firefighters are entitled;

3. Award each Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid compensation, and pre-judgment and post-judgment interest;

4. Award Firefighters their reasonable attorney's fees to be paid by the City, and the costs of this action;

5. Order the City to modify its pay formula so that it accurately calculates the amount of FLSA overtime compensation to which the Firefighters are entitled;

6. Order the City to verify with IAFF Local 230 that the new formula is correct and, once the formula is verified, to implement it promptly;

7. Order the City to notify IAFF Local 230 prior to making any future changes to the formula; and

8. Grant such other relief as may be just and proper.

Dated: August 26, 2016

Respectfully submitted,

WYLIE, McBRIDE,
PLATTEN & RENNER

/s/ Christopher E. Platten
CHRISTOPHER E. PLATTEN

/s/ Carol L. Koenig
CAROL L. KOENIG
Attorneys for Plaintiffs

I:\0230\72660\pleadings - non-discovery\complaint.doc