UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DARREN WALLACE, et al.,

Plaintiffs,

v.

CITY OF SAN JOSE,

Defendant.

Case No. 5:16-cv-04914-HRL

**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION (AS MODIFIED)**

Re: Dkt. No. 39

This is a putative collective action for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., as well as California Labor Code § 1197. Plaintiffs are San Jose firefighters who allege that the City of San Jose (City) has not correctly calculated overtime for Fire Department employees. They now move for an order conditionally certifying that this suit is maintainable as a collective action under the FLSA "from January 6, 2013 to the present, with the term 'firefighter employees' referring to all members of the bargaining unit represented by International Association of Fire Fighters [IAFF] Local 230, including the following classifications: fire recruit, fire fighter, fire engineer, fire prevention inspector, arson investigator, fire captain and battalion chief." (Dkt. 39 at 1). Plaintiffs represent that all potential plaintiffs have already been notified about this lawsuit and were given an opportunity to opt-in. They further advise that about 513 potential class members have consented to join this lawsuit by signing the appropriate form, as well as forms authorizing IAFF Local 230 to attempt to reach a

settlement on their behalf.  Thus, say plaintiffs, there is no need to provide notice of this suit to putative collective class members.  Nevertheless, they seek conditional certification so that those who have or will opt in, can be recognized as party plaintiffs.

The City opposes the motion for conditional certification only with respect to the time frame proposed by plaintiffs for the collective class.[1]  Here, the City points out that that the statute of limitations for actions under the FLSA is generally two years, or three years for willful violations.  29 U.S.C. § 255(a).  Pursuant to a tolling agreement between the City and plaintiffs, defendant says that plaintiffs may pursue FLSA claims going back to March 11, 2013 or March 11, 2014 (i.e., not January 6, 2013), depending on whether the two- or three-year limitations period applies.[2]

The City says that it discussed its above-described timing objections with plaintiffs and that plaintiffs agree that the City is correct.  Indeed, plaintiffs confirmed as much at the motion hearing.  Thus, there appears to be no serious dispute over plaintiffs' request for conditional certification.  Having clarified certain other matters at the motion hearing, this court therefore grants plaintiffs' motion for conditional certification as follows:

1. Plaintiffs having represented that all putative class members already received notice of this lawsuit, no further notice is required.

2. The FLSA collective class is defined as follows:  All current and former employees (a) employed as a fire recruit, firefighter, fire engineer, fire captain, fire prevention inspector, arson investigator or battalion chief at any time on or after March 11, 2013 (for willful FLSA violations) or March 11, 2014 (generally) and (b) who have opted-in

---

[1] The City says that it does so primarily because the standard for conditional certification of an FLSA class is low.  To be sure, however, the City emphasizes that it makes no concessions as to the merits of plaintiffs' claims and reserves the right to later seek decertification.

[2] As for plaintiffs' state law claim, the parties apparently have no tolling agreement.  So, the City contends that any claims for alleged violations of the California Labor Code that pre-date August 26, 2013 are time-barred.  Plaintiffs agree.

or will opt-in on or before April 25, 2017.

SO ORDERED.

Dated: April 18, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

1

5:16-cv-04914-HRL Notice has been electronically mailed to:

2

Carol Lynn Koenig     ckoenig@wmprlaw.com, bsafadi@wmprlaw.com, ltodd@wmprlaw.com

3

Christopher Eugene Platten     cplatten@wmprlaw.com, bsafadi@wmprlaw.com, ltodd@wmprlaw.com

4

5

Kathryn Jennifer Zoglin     Katie.Zoglin@sanjoseca.gov, cao.main@sanjoseca.gov

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California